IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MP UNIT 21, LLC,<br><br>        Plaintiff,<br><br>  vs.<br><br>HAWAII FIT SIXTEEN, LLC,<br><br>        Defendant. | CIV. NO. 26-00179 JAO-KJM<br><br>ORDER DENYING MOTION TO REMAND (ECF NO. 11) |

**ORDER DENYING MOTION TO REMAND (ECF NO. 11)**

Before the Court is Plaintiff MP Unit 21, LLC's ("MP Unit 21" or "Plaintiff") Motion to Remand this case to state court.  ECF No. 11.  MP Unit 21 along with RCA Trade Center Inc. ("RCA Trade Center") own warehouses in Kahuku, Hawai'i and leased the rooftops of those warehouses to companies that installed solar panels to produce electricity.  This is one of three related cases pending before the Court that involve disputes about those leases.  This case— Civil Case No. 26-179 ("179 Case")—and Civil Case No. 26-192 ("192 Case") were initially filed in state court and then removed here by the defendants:  Hawaii Fit Sixteen, LLC ("Hawaii Fit Sixteen" or "Defendant"), and Hawaii Fit Seventeen, LLC ("Hawaii Fit Seventeen"), respectively.  The plaintiffs in Civil Case No. 25-474 ("474 Case")—who are outlined below—filed that case directly

in Federal Court.  Plaintiffs in both of the removed cases —MP Unit 21 in this case

RCA Trade Center in the 192 Case—have filed motions to remand.[1]  Nobody

disputes that the Court has subject matter jurisdiction over the removed cases, yet

Plaintiffs ask the Court to remand based on *Burford* abstention.  For the following

reasons the Court DENIES the Motion to Remand.

## I.   BACKGROUND

The Court provides only an abbreviated background of those facts necessary

to dispose of the Motions to Remand in the 179 and 192 Cases.  Plaintiffs MP Unit

21 and RCA Trade Center each own four agricultural warehouses in Kahuku and

leased the rooftops of the structures to Hawaii Fit Sixteen and Hawaii Fit

Seventeen to install solar panels for electricity conversion.  *See* ECF No. 1-1 at 6–

8.  Plaintiff claims that it informed Defendant about roof damage after the solar

panel installation, and that Defendant did not repair the damage.  *See* ECF No. 11-

1 at 7–8.  Plaintiff alleges that this failure to repair or indemnify violated

Defendant's obligations under the lease agreement.  *See id.* at 8–9.

In November 2025, MP Unit 21, RCA Trade Center, and a third plaintiff

initiated the 474 Case in Federal Court against Hawaii Fit Sixteen and Hawaii Fit

Seventeen and several other defendants.  *See* 474 Case, ECF No. 1.  Without

---

[1]  The motions to remand are basically identical but for the names of the parties.

getting into the details of that case, the Court notes that that action involves issues similar to those in the 179 and 192 Cases.  The 474 Case plaintiffs allege, among other things, that Hawaii Fit Sixteen and Hawaii Fit Seventeen breached their lease agreements by failing to construct the solar panels "in a good and workmanlike manner."  *See id.* ¶¶ 80–85.

On March 20, 2026, MP Unit 21 also filed the 179 Case as a Complaint for "Assumpsit, Summary Possession/Landlord-Tenant Damages" against Hawaii Fit Sixteen in the District Court of the First Circuit of the State of Hawaiʻi.  *See* ECF No. 1-1 at 2.  MP Unit 21 alleged that Hawaii Fit Sixteen was in material default of the lease because it failed to "comply with its obligations regarding Improvement under Section 9.1," and did not cure the default after it received notice.  *See id.* MP Unit 21 sought (1) a judgment from the state court giving it possession of the property, (2) a writ of possession directing the Sheriff or police to remove Hawaii Fit Sixteen from the property, and (3) a money judgment against Hawaii Fit Sixteen in an amount to be determined later.  *See id.* at 3.

On April 9, 2026, Hawaii Fit Sixteen removed the state case based on diversity jurisdiction.  *See* ECF No. 1.  MP Unit 21 filed the instant Motion to Remand on May 5, *see* ECF No. 11, and District Judge Michah W.J. Smith set a briefing schedule, ECF No. 12.  Shortly thereafter, the 179 and 192 Cases were reassigned to the undersigned, who had been presiding over the 474 Case since its

3

inception.  *See* ECF No. 13.  The Court maintained the briefing schedule and the parties timely filed their opposition and reply.  ECF Nos. 15, 17.

The Court elects to decide the Motion to Remand without a hearing.  *See* LR 7.1(c).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

"Abstention from the exercise of federal jurisdiction is the exception, not the rule."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) ("*Colorado River*").  District courts thus "have an obligation and a duty to decide cases properly before them," such that "[a]bstention is generally permitted only in exceptional circumstances, when denying a federal forum would clearly serve an important countervailing interest."  *Peridot Tree, Inc. v. City of*

4

*Sacramento*, 94 F.4th 916, 926 (9th Cir. 2024) (internal quotation marks and citations omitted).

### III.    DISCUSSION

### A.    Subject Matter Jurisdiction

As mentioned above, the parties do not contest diversity jurisdiction. Still, because "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), the Court addresses it briefly here.

Hawaii Fit Sixteen asserts that there is complete diversity in this case. *See* ECF No. 1 at 2. For its part, it states that its sole member is Valta Solar LLC ("Valta Solar") and claims that Valta Solar is a citizen of California and Delaware because it "is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California." *See id.* at 3. Of course, that is not the correct test for citizenship of an LLC, which Hawaii Fit Sixteen recognizes just before applying the wrong analysis. *See id.* (citing *Johnson v. Columbia Props, Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). As such, Hawaii Fit Sixteen's notice of removal doesn't sufficiently establish the citizenship of Valta Solar and thereby its own citizenship.

Nevertheless, the Court identified some possible jurisdictional defects in the 474 Case, which involves all of the parties in the 179 and 192 Cases, and ordered

5

the Plaintiffs in that case to show cause why the case should not be dismissed for lack of diversity jurisdiction. *See* 474 Case, ECF No. 34. The Plaintiffs in the 474 Case provided a detailed response, which included that Valta Solar's sole member is Valta Energy LLC, whose sole member is Brad Souza, who is domiciled in and therefore a citizen of California. *See* 474 Case ECF, No. 39 at 4–5. Hawaii Fit Sixteen is thus a citizen of California.

MP Unit 21's sole member is J. Henderson Enterprises, LLC whose members are (1) the Jeremiah A. Henderson III Family Protection Trust and (2) the Jeremiah A. Henderson III Revocable Family Trust. *See* ECF No. 1 at 3; *accord* 474 Case, ECF No. 39 at 3. The trustees of (1) are Fox Reynolds Henderson and Premier Trust Inc. *See* ECF No. 1 at 4; *accord* 474 Case, ECF No. 39 at 3. Fox Reynolds Henderson is an individual domiciled in and thus a citizen of Florida. *See* ECF No. 1 at 4; *accord* 474 Case, ECF No. 39 at 3. Premier Trust Inc. is a corporation incorporated in and under the laws of the State of Nevada with its principal place of business in Nevada, and thus a citizen of Nevada. *See* ECF No. 1 at 4; *accord* 474 Case, ECF No. 39 at 4. The sole trustee of (2) is Jeremiah A. Henderson, III, an individual domiciled in Nevada. *See* ECF No. 1 at 4; *accord* 474 Case, ECF No. 39 at 4. MP Unit 21 is thus a citizen of Nevada and Florida.

The Court is thus satisfied that complete diversity exists between the parties and that the amount in controversy exceeds $75,000.

**B.**    ***Burford* Abstention**

Plaintiff argues that Hawaiʻi law allows it to separate its summary possession proceeding, which it initiated in state court, from the contract and damages action that it brought in the 474 Case that was filed in federal court.  *See* ECF No. 11-1 at 13–15.  It continues that this Court should allow the cases to remain separate and abstain from hearing the removed summary possession actions under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) to avoid interfering with the state's efforts to establish uniformity in summary possession proceedings.  *See id.* at 17–18.  Defendant responds that *Burford* abstention doesn't apply because, essentially, this a run-of-the-mill landlord-tenant case that does not involve the type of complex state regulatory scheme that would justify federal abstention.  *See* ECF No. 15 at 26–29.  The Court agrees with Defendant.

"*Burford* abstention 'is concerned with protecting complex state administrative processes from undue federal interference.'"  *Peridot Tree, Inc.*, 94 F.4th at 929 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1989) ("*NOPSI*")).  The Supreme Court has "distilled" the *Burford* Doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the

> "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*NOPSI*, 491 U.S. at 361 (quoting *Colorado River*, 424 U.S. at 814).  The Ninth Circuit has stated that a district court may abstain under *Burford* only if:

> (1) the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) federal review might disrupt state efforts to establish a coherent policy.

*Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004) (alterations and citation omitted).

The Court notes that it is not the first federal district court to confront the question of whether to assert jurisdiction over a removed summary possession proceeding or abstain under *Burford*, and acknowledges the cases are somewhat split on the matter.  Those that maintain jurisdiction over the case stress that they typically don't raise complex state law issues and that the mere existence of state special procedures doesn't justify abstention.

For example, in *Forty Six Hundred LLC v. Cadence Education, LLC*, 15 F.4th 70 (1st Cir. 2021), the First Circuit reversed the district court's *Burford*-based remand order.  The court agreed with the defendant's assertion that Massachusetts' summary eviction proceedings were not "the kind of complex state administrative scheme that engenders protection under *Burford*."  *Id.* at 76 (citation

8

omitted).  It explained that the state's rules were "no more than stereotypical rules

of procedure," which are always replaced by the Federal Rules of Civil Procedure

in removed actions.  *See id.* at 76–77.  Turning to the substance of the underlying

dispute, the First Circuit noted that *Burford* abstention guards against federal

interference with "difficult and consequential questions of state law or policy," but

that "adjudication of an eviction action does not involve the kinds of difficult and

unsettled questions of state substantive law that can suffice to trigger abstention."

*See id.* at 77 (internal quotation marks and citation omitted).  Similarly, in an

earlier case, the First Circuit had rejected the application of *Burford* to a possession

case because federal courts routinely apply state law regarding the possession of

real property.  *See F.D.I.C. v. Sweeney*, 136 F.3d 216, 219 (1st Cir. 1998).

In *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939 (D. Minn.

2010), the court also rejected the notion that the existence of expedited procedures

for summary eviction counseled in favor of declining jurisdiction.[2]   There, the

court analyzed Minnesota's summary eviction proceedings and commented that

while they were expedited, they were otherwise indistinguishable from other civil

actions in that they allowed for jury trials and were are subject to regular pleading

rules.  *See id.* at 946.  Regardless, the court concluded that "the presence of

---

[2]  As discussed further below, the Court disagrees with the framing of the issue as
jurisdictional.

different or more expeditious procedures in state court is not a reason to deny the

existence of federal diversity jurisdiction." *Id.* (quoting *Safeway, Inc. v. Sugarloaf

P'ship, LLC*, 423 F. Supp. 2d 531, 535–36 (D. Md. 2006)).  The court also

declined to abstain because "the presence of state-law issues, even important ones,

is not enough to require abstention," and abstention would lead to piecemeal

litigation as the defendant's counterclaims would remain in federal court

regardless.  *See id.* at 947.

　　Another federal district court in Maryland came to the same conclusion.  *See*

*Safeway*, 423 F. Supp. 2d at 534–36.  There, the landlord moved to remand under

*Burford* because the federal court "does not allow summary landlord-tenant

eviction actions and because such cases are better tried in the specialized state

courts that Maryland offers."  *Id.* at 534.  The court rejected the argument, noting

that "[t]hough summary, the Maryland action for breach of lease under Md.Code

Ann., Real Prop. § 8–402.1 is recognizably a civil action, brought in a court of

limited but broad jurisdiction, for a judgment at law that this Court is equally

competent to enter."  *Id.* at 536.  Further, the court explained that *Burford*

abstention would be inappropriate because "[u]nlike the complicated oil and gas

regulatory scheme in *Burford* . . . this case revolves around the interpretation of an

ordinary commercial contract—a type of legal question that is the daily bread of a

federal court sitting in diversity."  *Id.* at 537.

By contrast, those cases that reject jurisdiction emphasize the specialized nature of summary possession proceedings, that federal courts do not have such mechanisms, and that landlord-tenant disputes are essentially matters of local concern. For example, in *CPG Finance I, L.L.C. v. Shopro, Inc.*, the landlord sought immediate possession and payment of back rent. *See CPG Finance I, L.L.C. v. Shopro, Inc.*, 2006 WL 744275, at *1 (W.D. Mo. Mar. 22, 2006). The court concluded that it lacked *jurisdiction* over the matter because "there is no authorization for summary adjudication of rent and possession actions contained within the Federal Rules of Civil Procedure or authorized by any other statute governing federal court procedures." *See id.* at *3. The court explained that Missouri summary proceedings statute did not allow for jury trials or discovery or require formal pleadings or service. *See id.* at *2. Alternatively, the court stated it would abstain because of the local nature of the controversy. *See id.* at *4.

One of the cases *CPG Finance I* relied on to conclude it lacked jurisdiction was *Glen 6 Associates, Inc. v. Dedaj*, 770 F. Supp. 225 (S.D.N.Y. 1991). In *Glen 6*, the court concluded it lacked subject matter jurisdiction because New York's summary process did not have a federal analogue. *See id.* at 228. Thus, even though the court had diversity jurisdiction, it remanded because "the summary process filed by plaintiff could not have been brought here originally." *See id.* The court also would have abstained because it viewed landlord-tenant as

essentially local matters of state law that implicate public policy.  *See id.* at 228–29.

Ultimately the Court finds those cases that assert jurisdiction over removed summary possession proceedings to be more persuasive than those that conclude they lack jurisdiction or abstain.  First, the Court disagrees with those courts, such as *CPG Finance I* and *Glen 6*, that frame the question as a matter of subject matter jurisdiction.  The nature of a state proceeding doesn't affect a federal court's *authority* to preside over a case even if it may influence whether a federal court *should* abstain.  *See Safeway*, 423 F. Supp. 2d at 535–36 ("[T]he presence of different or more expeditious procedures in state court is not a reason to deny the existence of federal diversity jurisdiction." (citation omitted)); *MCC Mortg. LP*, 685 F. Supp. 2d at 946 (commenting that there is no exception to diversity jurisdiction for eviction proceedings).

Similarly, the mere existence of abbreviated procedures in state court doesn't necessarily justify *Burford* abstention.  MP Unit 21 argues that Hawaii's summary possession proceedings are materially different from the Massachusetts rules at issue in *Forty Six Hundred LLC* and represent more than merely an accelerated version of "plenary civil litigation."  *See* ECF No. 17 at 13.  This, they argue, places the case firmly in the camp of those where federal courts declined

jurisdiction.  *See id.*  But the Court's review of Hawaii's statutory scheme suggests that the proceedings are not as limited as Plaintiff claims.

While it's true that summary possession proceedings must be brought in the state district court of the circuit where the property is located, *see* Haw. Rev. Stat. § 666-6, which means that the parties are not entitled to a jury trial, *see id.* § 604-5(b), the proceedings otherwise appear to be normal civil proceedings.  For example, the plaintiff in a summary possession proceeding may join other "claims for rent, lodging, board, profits, damages, and waste, where these arise out of and refer to the land or premises, irrespective of the amount claimed," *id.* § 666-7, and must serve the summons by "the rules of court," *id.* § 666-8.  There is no indication in the statute, nor any argument from Plaintiff, that the summary proceedings are subject to simpler pleading rules or limited discovery.  As such, the Court does not think that such state procedures are the type of complex administrative scheme "worthy of *Burford* protection."  *Forty Six Hundred LLC*, 15 F.4th at 77.  In fact, the procedures look comparable to the Maryland procedures at issue in *Safeway* where the court commented that the Maryland lease action was "recognizably a civil action," that the federal court could maintain.  *See Safeway*, 423 F. Supp. 2d at 535.

Nevertheless, MP Unit 21 also repeatedly directs the Court to *1001 Queen, LLC v. R2 & V3 Mgmt. Grp., LLC*, 2023 WL 6311449 (D. Haw. Sept. 28, 2023)

("*1001 Queen*") in support of its argument that failure to remand would interfere with Hawaii's efforts to establish a uniform policy over a local issue. *See* ECF No. 11-1 at 16–18. In *1001 Queen*, the defendants removed a Hawaiʻi summary possession action to the United States District Court for the District of Hawaii. *See 1001 Queen*, 2023 WL 6311449, at *1. The plaintiff filed a motion to remand, but it turned out that the defendants had already surrendered possession of the premises. *See id.* at *7. The court thus concluded it had no occasion to decide whether the possession issue would warrant remand. *See id.* at *8. Still, in resolving the motion to remand, the court commented that it "would be inclined to abstain from the exercise of jurisdiction" to prevent interference with Hawaii's "interest in maintaining uniformity" in summary possession proceedings, which the court also noted were "an essentially local problem." *See id.* at *8.

Respectfully, the Court declines to follow the inclination in *1001 Queen*. First, obviously the court did not decide the matter or even definitively state that it would have abstained, so this Court doesn't view *1001 Queen* as terribly helpful to Plaintiff. Second, while Hawaiʻi has an interest in the uniform treatment of an essentially local dispute, the same could be said for almost any matter of state law that federal courts consider while sitting in diversity jurisdiction. *See MCC Mortg. LP*, 685 F. Supp. 2d at 947 ("Standing alone, the presence of state-law issues, even important ones, is not enough to require abstention."). Put differently, the Court

14

does not think that the issues in this case raise particularly difficult, complicated, or complex matters of state law. *See NOPSI*, 491 U.S. at 361; *see also Forty Six Hundred LLC*, 15 F.4th at 77 ("Unlike in *Burford* — where the state specifically sought to develop and apply a state agency's technical expertise in evaluating complex issues of geology and economics . . .— real property rights, though derived mainly from state law, are routinely enforced in federal as well as state courts."); *Safeway*, 423 F. Supp. 2d at 536–37 ("[T]his case revolves around the interpretation of an ordinary commercial contract—a type of legal question that is the daily bread of a federal court sitting in diversity."). In fact, MP Unit 21 never suggests that the legal issues are difficult or complex. *See generally* ECF Nos. 11-1, 17. Thus, ultimately, the Court concludes that the mere existence of Hawaii's summary possession proceedings does not trigger *Burford* abstention and relieve the Court of its "virtually unflagging" duty to adjudicate claims within its jurisdiction. *See NOPSI*, 491 U.S. at 359 (internal quotation marks and citation omitted).

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Remand.[3]

---

[3] To the extent Defendant seeks consolidation of this case with the others, *see* ECF No. 15 at 5, it may file a motion(s).

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 30, 2026.



Jill A. Otake
United States District Judge

CIV. NO. 26-00179 JAO-KJM, *MP Unit 21, LLC v. Hawaii Fit Sixteen, LLC*; Order Denying Motion to Remand (ECF No. 11)